# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
STEVEN T. LOIZZI, JR., BAR NO. 7802.

No. 75884

**FILED**

SEP 07 2018

CLERK
BY
CHIEF

## *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a modified conditional guilty plea agreement in exchange for a stated form of discipline for attorney Steven T. Loizzi, Jr. Under the agreement, Loizzi admitted to violating RPC 1.2 (allocation of authority), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.7 (conflict of interest: current clients), RPC 3.4 (fairness to opposing party and counsel), and RPC 8.4(d) (misconduct prejudicial to the administration of justice). He agreed to a six-month-and-one-day suspension stayed for 18 months subject to the condition that he receive no discipline for misconduct occurring for 18 months after entry of the plea agreement.

Loizzi has admitted to the facts and violations as part of his plea agreement. The record therefore establishes that Loizzi violated the above-listed rules by failing to properly communicate with two separate

18-35049

HOA clients and proceeding with collection and/or foreclosure efforts without the respective clients' authorization. Additionally, he failed to recognize the inherent conflict in the dual representation of one client and his employer, as co-client, in one matter and failed to obtain informed consent from the non-employer client for the representation. He also failed to reasonably participate in two separate litigations and failed to respond to four separate orders from this court.

As Loizzi admitted to the violations as part of the plea agreement, the issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating and mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Loizzi has admitted that he knowingly violated duties owed to his clients (diligence, communication, scope of representation) and the legal system (misconduct prejudicial to the administration of justice) and negligently violated a duty owed to his clients (conflict of interest). He also admitted that the judicial system and the integrity of the profession were "significantly injured" by his misconduct and his clients could have been harmed. Based on the most serious instance of misconduct at issue, Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, 452 (Am. Bar Ass'n 2017) ("The ultimate sanction imposed should at least be consistent with the sanction

 

for the most serious instance of misconduct among a number of violations."), the baseline sanction before considering aggravating and mitigating circumstances is suspension. *See id.* Standard 4.42 (providing that suspension is appropriate if a lawyer either "knowingly fails to perform services for a client and causes injury or potential injury to a client," or the "lawyer engages in a pattern of neglect and causes injury or potential injury to a client"); Standard 6.12 (explaining that suspension is appropriate when a lawyer knows that "material information is improperly being withheld, and takes no remedial action, and causes injury or potential injury to a party to the legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding"). The record supports the panel's findings of two aggravating circumstances (prior disciplinary offenses and pattern of misconduct) and four mitigating circumstances (inexperience in the practice of law when compared to his employer, personal or emotional problems, cooperative attitude towards the proceeding, and remorse). Considering all four factors, we conclude that the agreed-upon discipline is appropriate.

Accordingly, we hereby suspend attorney Steven T. Loizzi, Jr. for six months and one day. The suspension shall be stayed for 18 months subject to the condition that Loizzi does not receive any final discipline for conduct that occurs from the date of the plea agreement until 18 months afterwards (October 6, 2019). If a bar complaint is filed based on conduct during the 18-month period, the hearing panel that considers the misconduct will also consider whether that conduct constitutes a violation of the terms of the stay, and if so, recommend that the six-month-and-one-day suspension should be imposed in addition to any other discipline recommended because of the subsequent conduct. Additionally, Loizzi shall

 

pay the actual costs of the disciplinary proceeding, including $2,500 under SCR 120 within 30 days of the date of this order. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Chair, Southern Nevada Disciplinary Board
Reisman Sorokac
Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court